

**SIGNED this 21 day of April, 2009.**

_____
**JOHN T. LANEY, III
CHIEF UNITED STATES BANKRUPTCY JUDGE**
_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| IN RE: | : |
| STEVE ARNOLD MORRIS | : |
| | : CASE NO. 07-70114 JTL |
| Debtor. | : CHAPTER 13 |
| | : |

_____

**Memorandum Opinion**

On April 1, 2009, a hearing was held on Debtor's motion to return funds held by the trustee on Debtor's dismissed Chapter 13 case. After hearing argument of counsel, the court invited letter briefs on the issue of whether or not undistributed funds held by the Trustee upon dismissal of the case should be turned over to the debtor. The court after consideration of the relevant code sections, applicable law, and opposing letter briefs now renders this Memorandum Opinion.

The Debtor filed a petition for relief under Chapter 13 on February 5, 2007. The court confirmed the Chapter 13 plan on April 24, 2007. Trustee filed a motion to dismiss for failure to make plan payments on June 27, 2007. On December 16, 2008, the court orally granted Trustee's motion to dismiss the case, and on December 22, 2008, the court entered an order dismissing the case.

The Debtor's position is that after the dismissal of the case, the remaining undistributed funds on hand as of the date of dismissal are due to be paid to the Debtor. Debtor cites specifically the case of *In re Tran* for the proposition that 11 U.S.C. § 1326(a)(2) "does not purport to address distribution of funds received post-confirmation or the impact of dismissal on the trustee's duty to distribute funds."[1] The *Tran* decision relies heavily on an earlier 9th Circuit decision in the *Nash* case.[2] The *Nash* case held that under 11 U.S.C. § 349 (b), after dismissal of a case, property of the estate should re-vest in the Debtor upon dismissal of the case. Essentially, Debtor argues that 11 U.S.C. § 349 (b) should trump 11 U.S.C. § 1326(a)(2). However, both of the cases cited by Debtor are cases decided in the 9th Circuit, and are not binding on this court.

Trustee relies on 11 U.S.C. §1326(a)(2), which states that any payments made to the trustee after a plan is confirmed shall be distributed in accordance with the plan as soon as practicable. Trustee promulgates the proposition that where a general provision of a statute and a specific provision contradict each other, the specific provision should control. This court has held previously in *In re Milledge* that creditors' interest in payments to the trustee vest when each payment is made, and upon conversion of the case, any undistributed payments made under a confirmed plan must be disbursed to the

---

[1] 309 B.R. 330 (B.A.P 9th Cir. 2004).
[2] *In re Nash*, 765 F.2d 1410 (9th Cir. 1985).

2

creditors provided for by the confirmed plan.[3] *Milledge* was decided after *Nash*, and has not been superseded by later cases in the 11th Circuit. In fact, later cases have followed the same rule.[4]

*Milledge* also decided that the provisions of 11 U.S.C. § 1326(a)(2) controlled over the more general provisions of 11 U.S.C. § 348 upon conversion of a case from Chapter 13 to Chapter 7.[5] The court now holds likewise that the more specific provisions of 11 U.S.C. § 1326(a)(2) control upon dismissal of a Chapter 13 case.

Therefore, this court finds the undistributed funds held by the Trustee shall be distributed pursuant to the plan for the benefit of the Creditors provided for by the plan.

Accordingly, this court denies the Debtor's motion to return funds held by the Trustee.

An order in accordance with this Memorandum Opinion is attached hereto.

---

[3] 94 B.R. 218 (Bankr. M.D. Ga. 1988)(Laney, J.).
[4] For further discussion, *See In re Verdunn*, 210 B.R. 621 (Bankr. M.D. Fl 1997).
[5] *Milledge* at 220.